UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSE STRIVELLI,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN DOE, an individual,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF PURSUANT TO:**<br><br>1. The Computer Fraud and Abuse Act, 18 U.S.C. §1030;<br>2. The New Jersey Computer-Related Offenses Act, NJSA 2A:38A;<br>3. Common law fraud;<br>4. Common law conversion of property;<br>5. Replevin under NJSA 2B:50-1; and<br>6. Common law unjust enrichment. |

Plaintiff Jesse Strivelli brings this case against fictitious defendant John Doe by and through his attorneys, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff Jesse Strivelli is the victim of cryptocurrency and digital asset theft.

2. John Doe, whose identity is unknown, used fraudulent tactics to take control of Plaintiff's computer.

3. Once John Doe had access to Plaintiff's computer, John Doe stole Plaintiff's passcodes and drained Plaintiff's software wallets of over $67,000 of cryptocurrency and other assets.

4. In addition, Plaintiff's wallets contain smart contracts that generate revenue in the form of cryptocurrency tokens on an ongoing basis.

5. Since John Doe has ongoing access to Plaintiff's wallets, John Doe continuously steals the revenue from the smart contracts as well.

6. This continuing theft has no end in sight.

## PARTIES

7. Plaintiff Jesse Strivelli is an individual who resides in Somerset County, New Jersey.

8. The real identity of Defendant John Doe is unknown. At various times John Doe has gone by the names "Evan," "DeFiHelper" and "Hey Cool Kids." John Doe has also stated that he is a citizen of the United States:



## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331 because this case involves a federal question under the Computer Fraud and Abuse Act (18 U.S.C. §1030 *et seq.*).

10. This Court has personal jurisdiction because John Doe committed an intentional tort; Plaintiff suffered the harm from the tort in New Jersey; and John Doe directed his fraudulent conduct at New Jersey.

11. Venue is appropriate in this District because Plaintiff Jesse Strivelli is a resident of this District and the cause of action arose in this District. Plaintiff accessed his wallets and conducted the transactions referred to herein from his computer in Somerset County.

# FACTS

## John Doe Steals Plaintiff's Digital Assets

12. As of December 28th, 2021 Plaintiff maintained two software wallets containing digital assets such as cryptocurrency and revenue-producing smart contracts (the "Stolen Assets").

13. Software wallets, like bank accounts, have identifying numbers called addresses but are otherwise anonymous.

14. Plaintiff's wallets bear the addresses:

> **0xEFf06959F4D369E983601d3708D063618b88fc23** ("Plaintiff Wallet 1")
>
> and
>
> **0xdd6764A664D09AF37deD6Fe46183145E6fB42fd0** ("Plaintiff Wallet 2").

15. On December 28th 2021, John Doe communicated with Plaintiff in a chat group.

16. John Doe fraudulently persuaded Plaintiff that he could help Plaintiff with a technical issue.

17. John Doe accessed Plaintiff's computer through screen-sharing software called Microsoft TeamViewer.

18. John Doe then located the passcodes for Plaintiff's software wallets on Plaintiff's computer, stole the codes, drained the assets from Plaintiff's wallets, and moved them to wallets John Doe controlled.

19. The Stolen Assets that John Doe stole from Plaintiff's wallets consisted of:

| Asset | Value of Assets on December 28, 2021 |
|---|---|
| Hex | $27,193.76 |
| Aragon | $20,865.47 |
| Axie | $7,425.98 |
| Strong | $4,515.59 |
| Strong | $2,384.67 |
| NFT | $5,500.00 |
| **Total:** | **$67,885.47** |

20. John Doe moved the Stolen Assets to a wallet under John Doe's control bearing address: **0x1154b334285ae2aa67cd94268fe8c4d58e53e283** ("John Doe Wallet 1").

**The Ongoing Theft of Smart Contract Revenue**

21. Plaintiff owns 37 smart contacts maintained in Plaintiff Wallet 1 and Plaintiff Wallet 2.

22. The smart contracts are locked into Plaintiff's wallets and cannot be moved.

23. The smart contracts perform their functions automatically and generate cryptocurrency for whoever possesses the contracts in their software wallet. The resulting cryptocurrency is added to the wallet.

24. Because both Plaintiff and John Doe have the codes to Plaintiff's wallets, both of them can access the wallets.

25. As a result, Plaintiff and John Doe are in a constant race to access the wallets and claim the smart contract revenue.

26. Between December 28, 2021, and the date of this filing, John Doe has accessed Plaintiff's wallets 16 times.

27. When John Doe accesses Plaintiff's wallets, he steals the revenue from the smart contracts and moves it to Doe Wallet 1 or a wallet with the address:
`0x7e317e89fd677d4c986a7f45b112494bda25fe43` ("Doe Wallet 2").

28. This theft of smart contract revenue is ongoing and will continue until someone stops John Doe.

29. From June 6th, 2021, to December 28th, 2021, Plaintiff earned $177,081.71 from the smart contracts.

30. Since the theft of the codes, the smart contracts have generated approximately $49,000. Plaintiff has been able to claim only 29% of the revenue since the theft. The rest has been stolen by John Doe.

31. In addition, every time the smart contract revenue is claimed and moved, a transaction cost is incurred.

32. Before the theft it had been Plaintiff's practice to claim the revenue once a month to minimize the transaction costs.

33. But since Plaintiff must access the wallets frequently to try to claim his earnings before John Doe steals them, he has incurred $37,910.44 in transaction costs since the theft.

34. At some point in the third quarter of 2022, the smart contracts will become "migratable," meaning they can be moved out of Plaintiff's wallets.

35. At that point, since John Doe has the codes to the wallets, John Doe will be able to steal the smart contracts *in their entirety*, not just the revenue they generate.

**Tracking John Doe**

36. One of the features of blockchain technology is transparency. A record of the movement and transfers of various assets can be reviewed on the Ethereum blockchain. Each transaction has a unique identifier.

37. Another feature of blockchain technology is its relative anonymity. Blockchain users are identified by their public wallet addresses, not their names.

38. As is typical in cryptocurrency thefts, John Doe has moved the Stolen Assets many times to try to obscure the trail.

39. Plaintiff and his expert, Coinfirm, have tracked his stolen cryptocurrency and assets as it has been moved through and among many different wallets.

40. Some of these wallets and transactions are associated with cryptocurrency exchanges that trade in and exchange cryptocurrency for traditional currency or other assets.

41. These exchanges have the actual identity of the parties conducting businesses on the exchanges, including, names, dates of birth, government identification, residence, business location, phone and email.

42. Plaintiff and his expert have tracked the Stolen Assets to transactions and wallets associated with the exchanges Coinbase Global, Inc., StrongBlock, Inc., Gate Technology Incorporated (gate.io), Mek Global Limited (KuCoin), Crypto.com, FTX Trading Limited, and OpenSea, Inc.

43. These exchanges have the identity of John Doe, as well as information about John Doe's accounts.

**CAUSES OF ACTION**

**COUNT ONE**
**Violation Of The Computer Fraud And Abuse Act ("CFAA")**
**18 U.S.C. §1030 *et seq*.**

44. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.
45. The CFAA gives Plaintiff a private right of action against computer hackers.

46. Plaintiff's computer is equipped with email, internet browsing software, and access to social media. Accordingly, Plaintiff's computer is a "protected" computer used in interstate commerce and communication.

47. John Doe exceeded the authorization to access Plaintiff's computer that was granted to him by Plaintiff.

48. John Doe did so knowingly and with the intent to defraud and steal from Plaintiff.

49. As a result, John Doe stole the passcodes to Plaintiff's software wallets, which have significant value, far exceeding $5,000.

50. Plaintiff is entitled to compensatory damages.

51. Plaintiff is further entitled to injunctive and equitable relief pursuant to N.J.S.A. §2A:38A-5, including but not limited to (i) an order enjoining John Doe from accessing plaintiffs wallets; (ii) an order requiring John Doe to disgorge his ill-gotten gains; (iii) an order for an accounting of the amount and location of Plaintiff's stolen assets; (iv) an order imposing a constructive trust; (v) an order freezing the assets of John Doe; and (vi) an order enjoining the further transfer or disposition of Plaintiff's stolen assets by any party.

## COUNT TWO
### Violation of New Jersey Computer-Related Offenses Act, N.J.S.A. § 2A:38A

52. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

53. Defendant John Doe purposefully, knowingly and without authorization, took data from Plaintiff's computer, *i.e.* the passcodes to Plaintiff's software wallets, in violation of N.J.S.A. §2A:38A-3(a).

54. Plaintiff is entitled to compensatory damages, punitive damages, costs of suit, attorneys fees, costs of investigation, and litigation costs pursuant to N.J.S.A. §2A:38A-3.

55. Plaintiff is further entitled to injunctive and equitable relief pursuant to N.J.S.A. §2A:38A-5, including but not limited to (i) an order enjoining John Doe from accessing plaintiffs wallets; (ii) an order requiring John Doe to disgorge his ill-gotten gains; (iii) an order for an accounting of the amount and location of Plaintiff's stolen assets; (iv) an order imposing a constructive trust; (v) an order freezing the assets of John Doe; and (vi) an order enjoining the further transfer or disposition of Plaintiff's stolen assets by any party.

## COUNT THREE
### Common Law Fraud

56. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

57. On December 28th, 2021 John Doe represented to Plaintiff that John Doe would assist Plaintiff with an issue concerning one of Plaintiff's smart contracts.

58. Plaintiff reasonably believed, and relied upon, John Doe's representation.

59. Plaintiff permitted John Doe to use a screen sharing program, Microsoft TeamViewer, to access Plaintiff's computer.

60. Rather than helping Plaintiff with the smart contract, John Doe accessed Plaintiff's computer, then located and then stole the passcodes to Plaintiff's wallets.

61. John Doe then severed the connection with Plaintiff's computer and drained Plaintiffs' wallets of the Stolen Assets.

62. Plaintiff is entitled to actual, compensatory, and punitive damages.

## COUNT FOUR
### Conversion

63. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

64. As of December 28th 2021, before John Doe accessed his computer, Plaintiff owned and had the right to possess the Stolen Assets.

65. When John Doe drained Plaintiff's wallets, John Doe intentionally took possession of, and assumed control over, the Stolen Assets.

66. John Doe has intentionally exercised control, and continues to exercise control, over the Stolen Assets in such a way as to preclude Plaintiff from using or possessing the Stolen Assets.

67. John Doe knew the Stolen Assets were stolen or obtained in a manner constituting theft.

68. Accordingly, John Doe wrongfully converted the Stolen Assets.

69. As a direct and proximate result of the conversion, Plaintiff suffered damages and continues to suffer damages as long as the Stolen Assets are in the possession of John Doe.

70. Plaintiff is entitled to actual damages, compensatory damages, interest, expenses, and any other relief the court deems just and proper.

## COUNT FIVE
### Replevin under N.J.S.A 2B:50-1

71. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

72. On December 28, 2021, John Doe acquired possession of the stolen assets from Plaintiff through fraud, and John Doe wrongly holds the stolen assets.

73. John Doe has intentionally exercised control, and continues to exercise control, over the Stolen Assets in such a way as to preclude Plaintiff from using or possessing the Stolen Assets.

74. On December 28th, 2021, Plaintiff demanded the return of the stolen assets by December 28th, 2021. John Doe did not respond.

75. John Doe has no right to possess the stolen assets.

76. John Doe did not take the stolen assets to satisfy any tax, assessment, lien, or attachment against Plaintiff.

77. Plaintiff is entitled to the return of the stolen assets and other relief that the court may deem just and proper.

## COUNT SIX
### Unjust Enrichment

78. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

79. John Doe obtained a benefit when he stole the passcodes to Plaintiff's wallets and took possession of the Stolen Assets.

80. Under the circumstances, it would be against equity and good conscience to permit John Doe to retain the Stolen Assets.

81. Plaintiff is entitled to restitution and such other relief as the court teams just improper.

## COUNT SEVEN
### Imposition Of Constructive Trust And Disgorgement Of Funds

82. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

83. Plaintiff requests the imposition of a constructive trust upon the property that was stolen from him by John Doe.

84. John Doe, through fraud, stole Plaintiff's cryptocurrency and smart contracts, which in equity and good conscience John Doe should not be permitted to hold.

85. The assets stolen by John Doe are specific and identifiable property and can be traced to John Doe.

86. The Stolen Assets being held by John Doe in John Doe's wallets must be held in trust for Plaintiff because John Doe is not entitled to the benefits of the Stolen Assets.

87. The Stolen Assets being held by John Doe in John Doe's wallets must be disgorged to Plaintiff because John Doe is not entitled to the benefits of the Stolen Assets.

## COUNT EIGHT
### For Equitable Relief In The Form Of Accounting Of Stolen Assets

88. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

89. Plaintiff requests the equitable relief of in accounting of the current value end location of plaintiff's stolen assets.

## COUNT NINE
### For Equitable Relief In The Form Of Freezing Assets Of John Doe And Enjoining Current Holders Of Stolen Assets From Transferring Or Disposing Of The Stolen Assets

90. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

91. Defendant John Doe has moved plaintiff's stolen assets to various different wallets and accounts controlled by John Doe.

92. In order to further prevent the dissipation of the stolen assets, plaintiff requests an order freezing John Doe's assets.

93. Plaintiff and his expert have traced the stolen assets to certain wallets whose owners are unknown.

94. In order to further prevent the dissipation of the stolen assets, Plaintiff requests an order enjoining the transfer or disposition of those assets by these unknown parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in his favor and against defendant John Doe as follows:

a. An injunction ordering John Doe to immediately cease accessing Plaintiff's software wallets;

  b. An injunction ordering John Doe to refrain from any further transfer, trade, sale or any other disposition of Plaintiff's Stolen Assets;

  c. An injunction ordering John Doe to disgorge the Stolen Assets and all revenue obtained from the stolen smart contracts;

  d. An injunction freezing John Doe's assets.

  e. An injunction preventing any holders of John Doe's Stolen Assets from transferring or otherwise disposing of the Stolen Assets.

  f. An order awarding Plaintiff actual, compensatory and consequential damages;

  g. An order awarding Plaintiff punitive damages in an amount to be determined but no less than $1 million.

  h. An order awarding Plaintiff pre- and post- judgment interest;

  i. An order awarding Plaintiff attorney's fees, expert and consultant fees and expenses, and costs; and

  j. Such other and further legal and equitable relief as the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues so triable.

Dated: April 8, 2022

**Law Office of Adam R. Gonnelli, L.L.C.**

By_____
Adam Gonnelli
707 Alexander Road
Building 2, Suite 208
Princeton, New Jersey 08540
phone: (917) 541-7110
adam@arglawoffice.com

Attorneys for Plaintiff